UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GALLANT INDUSTRIAL SERVICES, INC. | ) | Case No. C-1-02-179 |
| | ) | |
| Plaintiff, | ) | (Judge Watson) |
| | ) | |
| -v- | ) | **JOINT STATUS REPORT** |
| | ) | |
| COOLANT CONTROL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to this Court's Order entered October 14, 2004, Plaintiff, Gallant Industrial Services, Inc. ("Gallant") and Defendant Coolant Control, Inc. ("CCI") hereby submit their Joint Status Report.

### 1. Nature of the Case and Brief Description of Claims Asserted.

This is an action for breach of contract, declaratory and injunctive relief arising out of an alleged breach of Settlement Agreement and Release entered into between the parties in November of 2000. The Settlement Agreement arose out of litigation pending before Judge Dlott between the same parties in 2000. Gallant contends that in direct violation of the provisions of the Settlement Agreement, CCI knowingly and repeatedly caused its products, directly and indirectly, to be shipped and sold for use in the Ford Dearborn Engine Plant in Dearborn, Michigan. Gallant seeks enforcement of the terms of the Settlement Agreement, money damages occasioned by CCI's material breach of the Settlement Agreement, injunctive relief to enjoin CCI and those in active concert or participation with it from engaging in such violative conduct, and other equitable relief.

CCI claims that it has not breached the Settlement Agreement because it did not knowingly sell or offer to sell, either directly or indirectly, any of its products for use at the

Plant. Further, even assuming CCI breached the Settlement Agreement, CCI contends that the breach was not material, and that even assuming a material breach occurred, that Gallant suffered no damages proximately resulting from that breach. Finally, CCI claims that Gallant is not entitled to declaratory or injunctive relief.

Following the close of discovery, the parties filed cross-motions for summary judgment. On April 12, 2004, Judge Dlott denied the cross-motions, finding genuine issues of material fact in dispute both as to liability and damages.

**2.   Efforts to Settle, Pre- and Post Filing of Complaint.**

The parties unsuccessfully exchanged settlement offers during various stages of this case, both through negotiations between counsel and settlement efforts of the Court. The parties remain substantially apart on settlement.

**3.   Scheduled Dates.**

On September 22, 2004, counsel appeared before Judge Dlott for a scheduling conference. At that time, Judge Dlott set the Final Pretrial Conference for Wednesday, November 3, 2004 at 1:30 p.m. Counsel advised the Court that they had already submitted a Joint Final Pretrial Order and filed all the appropriate pretrial pleadings in anticipation of the August 18, 2003 trial date which was vacated several days before the trial commenced. The parties were instructed to file an Amended Final Pretrial Order, if appropriate, on or before Wednesday, October 27, 2004. It was understood that a trial date would be scheduled at the November 3, 2004 Final Pretrial Hearing.

**4.   Any Other Case-Related Issues Deemed Relevant by Counsel, Jointly.**

Not applicable.

- 3 -

Respectfully submitted,

/s/ Daniel E. Izenson  
Daniel E. Izenson (0047086)  
Sue A. Erhart (0066639)  
1400 Provident Tower  
One East Fourth Street  
Cincinnati, Ohio 45202  
Tel: (513) 579-6480  
Fax: (513) 579-6457  
dizenson@kmklaw.com  
serhart@kmklaw.com  
Attorneys for Plaintiff  
Gallant Industrial Services, Inc.

/s/  
Bryan E. Pacheco, per written authorization  
   by D. E. Izenson

Mark A. VanderLaan  (0013297)  
Bryan E. Pacheco  (0068189)  
Dinsmore & Shohl, LLP  
1900 Chemed Center  
255 East Fifth Street  
Cincinnati, Ohio 45202  
mark.vanderla@dinslaw.com  
pacheco@dinslaw.com  
(513) 977-8238  
(513) 977-8141 (facsimile)  
Attorneys for Defendant,  
Coolant Control, Inc.

1351654.1